Tlie opinion of tlie Court was delivered by
Bermudez, C. J.
Tlie defendant was convicted, of larceny and sentenced to hard labor.
On appeal he complains, as he did in the lower court:
That tlie information should have been quashed, because it does not allege tliat the chickens which he is charged to have stolen, were tame or wild, nor the species of fowl to which they belonged, or otherwise show that they were the subjects of larceny ;
That the court erred in allowing evidence in support of the allegations in tlie information, which were too vague to admit an.y such;
That he could not be convinced of stealing hens, when the charge was of stealing ehieleens, and that it was not proved that the chickens were Cochin China, but Buff Cochin chickens.
Finally, he urges:
That tlie sentence is not a valid judgment, as it does not contain the sacramental words: “ it is considered.”
The- District Judge has well answered all the objections urged by the defendant. He says :
“ The description of the stolen property is two Cochin China chickens, of the value of, etc.”
In Bishop’s Cr. Pr. 2, § 700, it is held, that snob description of the tiling stolen as the following, is good and sufficient, viz: “ One sheep,” “ahorse,” “ a certain mare,” “one cow,” “ one watch,” “one certain liog.” In State vs. Carter, 33 An. 1214, where the description was “one *1110 liog,” it was held to be good, and a number of authorities cited in support.' See also, p. 122, same vol.; 31 An. 179.
In 30 An. 600,. the property was described as “ one small hog.” It was urged that indictment was insufficient in not describing the animal by any mark, or by its color and sex. So in the case at bar, it was urged that the color, condition and sex of the chickens ought to have been alleged. But if the description,'such as "one hog,” is sufficient, without mention of the color, sex, condition, flesh marks, or earmarks, as was held in 33 An. 1214, what reason exists for a more particular description when chickens are the subject of larceny, Chickens are designated according to sex and a'ge, as chicks, pullets, cockrills, hens and. roosters. Hogs are also known as pigs, shoats, barrows, sows and boars. If an indictment charging the larceny of l< one hog,” or of “ one small hog,” is sustained by proof that the property stolen was either a boar, a barrow, a sow, certainly an indictment, charging the larceny of a chicken is good, and evidence is admissible, whether the chickens stolen were hens, roosters or pullets.
The State is bound to allege and prove every fact or ingredient, necessary to constitute the crime charged. The converse must be equally true. If it is unnecessary to aver the color, marks, or sex of a hog, or chicken charged to have been stolen, then itisuunecessary to prove either of those facts.
If the hog, or chicken stolen, be identified as the property mentioned in the indictment, it is immaterial whether it-be a boar, a barrow, a rooster or a hen. The witness- Barker testified that the two chickens, charged as stolen, are usually called Cochin China chickens, .but'that he called them Buff chickens.
It is indeed laughable, that the accused, who unscrupulously ignored the ownership of the chickens when he committed-the theft,-should afterwards, on his trial, become so very punctilious, and require of the State a minute description of them, specially as to age. The fact was found against him, and must be considered as having been well found.
The last objection is as to the form- of the judgment or sentence.
Those reasons appear to bo conclusive-.
In the case- of the State ex rel. Pringle, decided a few days ago, we had occasion to hold that the words, “it is considered,” are not sacramental and essentially necessary. In this case the word “ ordered ” is used.
Judgment affirmed.